## Case No. 10,491.

### The OLIVE CHAMBERLAIN.

[1 Spr. 9.] [1]

District Court, D. Massachusetts.   Oct., 1841.

SEAMEN'S WAGES—FORFEITURE FOR VIOLENCE UPON MASTER—CONDONATION—IMPRISONMENT.

1. Forfeiture of wages by the first mate for personal violence upon the master.
[See The Almatia, Case No. 254.]

2. His being permitted to continue in his office for a few days, until the master can reach a place more convenient for the exercise of his authority, is not a condonation, especially if the mate continue to be contumacious.

3. The owners having suffered no damage, the forfeiture is decreed only as a penalty for the offence.

4. If the mate has been sufficiently punished by imprisonment, he ought not to be subjected to a further infliction.

In admiralty.

E. Smith, Jr., for libellant.

F. Dexter and G. W. Phillips, for claimants.

SPRAGUE, District Judge. This is a libel in rem for wages. The defence is forfeiture by misconduct. Merry, the libellant, was mate of the brig Olive Chamberlain. While at Cardenas, he, without justifiable cause, assaulted the master, striking him one or more blows, and committing other violence on his person. He at other times manifested a spirit of insubordination, and spoke of the master, in presence of the crew, in language of contempt. The libellant continued in his

1 [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

office of mate, and performed its duties, for four or five days after the assault, and until the arrival of the brig at Havana; and it was there agreed between him and the master, that he should exchange places with the second mate, but upon being required to give up the log-book, he refused. The master, thereupon, after consulting the American consul, caused the libellant to be taken from the vessel, and committed to jail, where he remained four days, when he was released, and immediately returned to Boston. He was there arrested on a criminal complaint for the assault at Cardenas, and now stands bound over ·to take his trial, at the next circuit court.

It is contended by the libellant's proctor, that the offences are not set forth with sufficient distinctness in the answer. But this does not apply to the assault at Cardenas, which is set forth with precision. That outrage was of itself sufficient to work a forfeiture of wages.

It is contended that the misconduct was forgiven by permitting the libellant to continue in his office, and perform its duties, until the brig arrived at Havana. But the master merely waited a few days, until he reached a more convenient place for exercising his authority. It is not so strong a case as that of The Mentor [Case No. 9,427], which was held to be no remission. Beside this, the libellant refused at Havana to give up the log-book, and persisted in this refusal, until he was taken out of the vessel and committed to prison. His disobedience and contumacy were thus continued to the last.

It is further insisted, that the libellant has already been punished by the imprisonment at Havana and the criminal proceedings here, and that to enforce a forfeiture of wages would be to punish him twice. In this case the owners suffered no damage, and they can withhold the wages of the libellant only as a penalty for his misconduct. The punishment is to be proportioned to the offence, and if sufficient has already been suffered, the court will not permit a further infliction. The offence is not of a trivial character. Actual violence upon the person of the master, on board of his own vessel, by one bound to submit to his authority, is not to be passed over lightly. The criminality of the libellant is heightened by the office which he held. To the first mate, above all others, has the master a right to look, not only for an example of obedience, but for active and efficient assistance in repressing insubordination, and upholding his lawful authority. His misconduct at other times, though not relied on as substantive ground of forfeiture, must at least deprive him of that favorable regard to which he might have been entitled, had he at all other times been exemplary in the discharge of his duties.

The forfeiture of his wages earned prior to the assault at Cardenas, in addition to what has been already suffered, will not, in my judgment, exceed the just measure of punishment. For the five ᴜays which he continued to serve after the offence, he is entitled to recover wages. No costs will be allowed.